# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

In the Matter of the Search of )
)
3746 Texas Avenue, Saint Louis, Missouri,63118 (second floor), in the City of )
Saint Louis within the Eastern District of Missouri. A three story, multi-family ) Case No.   4:18 MJ 314 DDN
residence with red brick and white trim. There are two white entry doors in the rear )
of the residence, the right (north) rear door is for second floor access. )
SEE ATTACHMENT A )

**FILED**
OCT − 9 2018
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

## APPLICATION FOR A SEARCH WARRANT

I, Special Agent Larry Stoddard, ATF, a federal law enforcement officer or an attorney for the government request a search warrant and state under penalty of perjury that I have reason to believe that on the following property:

3746 Texas Avenue, Saint Louis, Missouri,63118 (second floor), in the City of Saint Louis , Missouri. A three story, multi-family residence with red brick and white trim. There are two white entry doors in the rear of the residence, the right (north) rear door is for second floor access.

located in the     EASTERN     District of     MISSOURI    , there is now concealed

SEE ATTACHMENT B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841 and 846 | Possession of with intent to distribute controlled substances; conspiracy to distribute controlled substances. |
| 18 U.S.C. § 924(c) | Possession of a firearm in furtherance of s drug trafficking crime |
| 18 U.S.C. § 922(g) | Felon in possession of a firearm |

The application is based on these facts:

SEE ATTACHED AFFIDAVIT WHICH IS INCORPORATED HEREIN BY REFERENCE

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Special Agent Larry Stoddard, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date:    October 9, 2018

*Judge's signature*

City and state: St. Louis, MO      Honorable David D. Noce, U.S. Magistrate Judge
*Printed name and title*

AUSA:   RODNEY H. HOLMES, #6244551IL

# AFFIDAVIT

1. Your affiant, Larry Stoddard, has been a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) since September 2008. I am currently assigned to the Kansas City Field Division, Saint Louis Field Office. My duties involve conducting criminal investigations into cases of illegal possession/transfer of firearms, firearms trafficking, violent crimes involving firearms and narcotics trafficking.

2. This affidavit is submitted in support of an application for the issuance of a search warrant for the premises at **3746 Texas Avenue, Saint Louis, Missouri, 63118**. This subject location is located with the Eastern District of Missouri. It is my opinion and the opinion of the investigative team as experienced, trained firearms and narcotics investigators, that after certain prerequisite circumstances are met there will be probable cause to believe that evidence will be found in violation(s) of: Title 21, United States Codes, Section(s) 841(a)(1) and 846, and Title 18, United States Codes, Sections 922(g)(1) and 924(c). The violations have been committed by persons known and unknown to this investigation.

3. This affidavit is submitted in support of an application for the issuance of a search warrant for a location within the Eastern District of Missouri. Since this affidavit is being submitted for the limited purpose of establishing probable cause for the issuance of a search warrant for the listed location, I have not included each and every fact known to me regarding this investigation. Rather, I have included only those facts that I believe are sufficient to establish the requisite probable cause. The information contained herein is based upon my own personal knowledge, information provided to me by other law enforcement officers, information provided by Confidential Informants, information obtained by way of physical or electronic surveillance, and physical evidence gathered by law.

4. Based on my training and the experience, I am aware of the following drug violations and information:

    a. A drug trafficker has many of the same problems and requirements as does a legitimate business including cash flow, communications, accounts due and owed, records, keeping, security, storage and transportation.

    b. It is common for drug traffickers to conceal in secure locations within their residences and the residences of family and close associates records concerning their drug business, caches of drugs, proceeds of drug transactions, financial records regarding disposition of proceeds, precious metals, jewelry, collectibles and other items of intrinsic value for their ready access and to hide these items from law enforcement authorities.

    c. Drug traffickers commonly have in their possession, either on their person or readily available, firearms including, handguns, rifles, shotguns, and machine guns.

1

These weapons are used to protect and secure the drug trafficker's property, drugs, money, financial records and other business documents. Drug traffickers also utilize body armor for their personal protection.

d. Drug traffickers must maintain, on hand, amounts of U.S. currency in order to maintain and finance their ongoing drug business.

e. When drug traffickers amass large profits from their illicit trafficking, they attempt to legitimize these profits through the use of banks and the banks' attendant services; securities, cashier's checks, bank drafts, bonds, brokerage accounts and other investment vehicles.

f. Further, drug traffickers often place assets in names other than their own to avoid detection of these assets by the authorities. Even though these assets are in the names of others, the traffickers are the true owners and continue to exercise dominion and control over the assets. Courts have recognized unexplained wealth is probative evidence of crimes motivated by greed; in particular, trafficking in controlled substances.

g. Drug traffickers often maintain records of amounts of drugs sold and "fronted"; monies owed; profits and their disposition; associates' names, phone numbers, etc. These records may include, but are not limited to, receipts, notes ledgers, airline tickets, money orders and other papers related to the transportation, ordering, sale, manufacture and distribution of controlled substances. These records and documents are generally maintained in locations easily accessible to the drug trafficker. These records may be maintained conventionally on paper or in some other documentary form. They may also be stored as electronic data in one or more data storage devices. These may include but not be limited to: computers, flash drives, mobile phones, fax machines, external hard drives, and any other electronic devices designed for data storage.

h. Drug traffickers maintain certain paraphernalia required to conduct drug transactions; most commonly, this includes scales, plastic bags, tape and other packaging materials.

i. Drug traffickers occasionally take, or cause to be taken, photographs or video recordings of themselves, their co-conspirators, their associates, their property, their illegal activities, and their contraband.

j. Drug traffickers frequently handle currency and drugs. As a result, some of the drugs are transferred to the currency. Dogs trained in the detection of drugs have been able to locate drug- contaminated currency concealed in hidden locations.

k. That indicia of occupancy, residency and/or ownership of the premises including utility and telephone bills, canceled envelopes, photographs, tax statements, bank account statements, rent receipts, addressed mail, pager bills, receipts, and keys

    may be found in the locations where drugs, firearms, and drug/firearms records are stored.

5. ATF is involved in a criminal investigation into violations of federal controlled substances laws on the part of Jamar CRITTENDEN, a black male, date of birth August 1, 1989, social security number: XXX-XX-1624, James MCKEEVER, a black male, date of birth December 29, 1978, social security number: XXX-XX-9740 and Marcus HAYES, a black male, date of birth July 26, 1972, social security number XXX-XX-4948.

6. CRITTENDEN's criminal history includes several felony drug offenses and resisting arrest. The felony charges he received resulted in probation (SIS) in state court.

7. MCKEEVER's criminal history includes one arrest for forgery in 2002. There is no disposition to this arrest.

8. HAYES criminal history includes an April 6, 1996, conviction for felon in possession of a firearm, Title 18, United States Code, Section 922(g)(1) from U.S. District Court, Eastern District of Missouri. He also has state felony convictions for firearms offenses and felony tampering with a utility

9. In June 2018, your affiant received information from a Confidential Informant (CI) that Curtis Baskett, Junior, was selling fentanyl while armed with a firearm. Your affiant then planned an undercover operation where the CI purchased 0.43 grams of fentanyl from an unknown black male who was an associate of Curtis Baskett, Junior.

10. During the week of July 8, 2018, your affiant set up an undercover operation where a quantity of fentanyl was purchased from an unknown black male, who was also an associate of Curtis Baskett, Junior. After this transaction, the driver of the vehicle that sold fentanyl was followed to 3746 Texas Avenue, in the City of Saint Louis, Missouri.

11. On July 16, 2018, your affiant set up an undercover operation in which an undercover police detective purchased 0.77 grams of fentanyl from CRITTENDEN. After the purchase of fentanyl from CRITTENDEN law enforcement personnel followed him to 3746 Texas Avenue, Saint Louis, Missouri.

12. On August 1, 2018, an undercover operation was planned in which an undercover police detective purchased 0.73 grams of fentanyl from MCKEEVER.

13. On August 13, 2018, your affiant set up an undercover operation in which an undercover police detective purchased 1.46 grams of fentanyl from CRITTENDEN. After the purchase of fentanyl from CRITTENDEN, law enforcement personnel followed him to 3746 Texas Avenue, Saint Louis, Missouri.

14. On August 16, 2018, your affiant set up an undercover operation in which an undercover police detective purchased 11.82 grams of fentanyl from CRITTENDEN. Prior to this

3

transaction, CRITTENDEN was seen leaving 3746 Texas Avenue, Saint Louis, Missouri. After the purchase of fentanyl from CRITTENDEN, law enforcement personnel followed him back to 3746 Texas Avenue, Saint Louis, Missouri.

15. On August 22, 2018, your affiant set up an undercover operation in which an undercover police detective purchased 13.58 grams of fentanyl from HAYES. Prior to this transaction, HAYES was seen leaving 3746 Texas Avenue, Saint Louis, Missouri. After the purchase of fentanyl from HAYES, law enforcement personnel followed him back to 3746 Texas Avenue, Saint Louis, Missouri.

16. On August 30, 2018, your affiant set up an undercover operation in which an undercover police detective purchased 13.03 grams of fentanyl from MCKEEVER. Prior to this transaction, MCKEEVER was seen leaving 3746 Texas Avenue, Saint Louis, Missouri.

17. On September 11, 2018, your affiant set up an undercover operation in which an undercover police detective purchased 11.94 grams of fentanyl from an unknown black male. Prior to this transaction, this unknown black male was seen leaving 3746 Texas Avenue, Saint Louis, Missouri. After the purchase of fentanyl from the unknown black male, he was followed back to 3746 Texas Avenue, Saint Louis, Missouri.

18. On October 5, 2018, your affiant set up an undercover operation in which an undercover police detective purchased approximately 12.4 grams of suspected fentanyl from MCKEEVER. Prior to this transaction, MCKEEVER was seen leaving 3746 Texas Avenue, Saint Louis, Missouri.

19. After every purchase of fentanyl in this investigation, the fentanyl was analyzed by the SLMPD Criminal Laboratory. With the exception of the October 5, 2018, undercover purchase of fentanyl, all the analyses confirmed all controlled substances purchased in this investigation tested positive for fentanyl, a schedule 2 controlled substance and violation of Title 21, U.S.C., Section 841(a)(1). The laboratory results from the October 5, 2018, purchase are currently pending with the SLMPD Criminal Laboratory.

20. Throughout the course of this investigation, your affiant was able to determine **3746 Texas Avenue, Saint Louis, Missouri, 63118,** is the residence of MCKEEVER, and was frequented by CRITTENDEN and HAYES. The vehicles MCKEEVER, CRITTENDEN and HAYES have been seen in on multiple occasions, are routinely parked curbside in front of 3746 Texas Avenue. A check of utilities at **3746 Texas Avenue, Saint Louis, Missouri, 63118,** revealed MCKEEVER has active utilities in his name for the 2nd floor of 3746 Texas Avenue.

21. Your affiant, along with other law enforcement personal, have seen MCKEEVER and CRITTENDEN freely enter and exit the north, rear door of 3746 Texas Avenue, Saint Louis, Missouri. MCKEEVER or CRITTENDEN were seen entering and exiting the north rear door before and after several of the controlled buys mentioned above.

4

22. The Confidential Informants your affiant has utilized in this investigation have been proven reliable and trustworthy, assisting in prosecutions. They have never shown signs of deception and there has never been any reason to believe they had been deceptive.

23. During the course of this investigation MCKEEVER, CRITTENDEN, HAYES and their unknown associates have violated the following federal laws:

    a. Title 21, United States Code, Section 841(a)(1), Manufacture, Distribution or Possession of a Controlled Substance

    b. Title 21, United States Code, Section and 843(b), Use of a Communication Device in Furtherance of a Drug Trafficking Crime

24. In addition, MCKEEVER, has also violated Title 21, United States Code, Section 856(a)(1): Knowingly open, lease, rent, use, or maintain any place, whether permanently or temporarily, for the purpose of manufacturing, distributing, or using any controlled substance.

25. Your affiant believes that based on the aforementioned facts there is probable cause to believe that controlled substances, drug packaging materials, drug paraphernalia and other items related to the drug trafficking trade are located at **3746 Texas Avenue, Saint Louis, Missouri, 63118.** Your affiant also believes there is probable cause to search **3746 Texas Avenue, Saint Louis, Missouri, 63118,** and is requesting a search warrant be issued.

26. The property located at **3746 Texas Avenue, Saint Louis, Missouri, 63118, (second floor)** is in the City of Saint Louis and within the Eastern District of Missouri. It is three story, multi-family residence. The residence has red brick with white trim. There are two white entry doors in the rear of the residence, the right (north) rear door is for second floor access. Your affiant and other law enforcement personnel have seen MCKEEVER and CRITTENDEN use the door to the right several times to access MCKEEVER's second floor residence. There are no numerics on the residence or any markings on either rear door. It is the second residential structure on the east side of Texas Avenue, north of Chippewa Street. The request for this search warrant is only for MCKEEVER's second floor residence, which is accessed by the right (north) rear door of **3746 Texas Avenue, Saint Louis, Missouri, 63118.**

Respectfully submitted,

SA LARRY STODDARD, ATF

Subscribed and sworn to before me on October 9, 2018:

DAVID D. NOCE
UNITED STATES MAGISTRATE JUDGE

5

## ATTACHMENT A

The Affiant is requesting a search warrant for the **subject location** as depicted below:



**Subject location – 3746 Texas Avenue (Second Floor), Saint Louis, Missouri 63118**

## ATTACHMENT B

### Items to be Seized

1. Fentanyl and other controlled substances;

2. Paraphernalia for packaging, cutting, weighing and distributing controlled substances, including, but not limited to, scales, baggies and spoons;

3. Books, records, receipts, notes, ledgers, and other papers relating to the transportation, ordering, purchasing and distribution of controlled substances and/or firearms;

4. Cellular telephones, telephone bills, invoices, packaging, cellular batteries and/or charging devices, cancelled checks or receipts for telephone purchase/service; address and/or telephone books and papers reflecting names, addresses, and/or telephone numbers of sources of supply, of customers, and/or evidencing association with persons known to traffic in controlled substances or to facilitate such trafficking;

5. Photographs, in particular photographs of co-conspirators, assets, firearms, and/or of controlled substances;

6. United States Currency, precious metals, jewelry, and financial instruments, including, but not limited to, stocks and bonds, papers, titles, deeds and other documents reflecting ownership of vehicles and property utilized in the distribution of heroin or which are proceeds from the distribution of heroin;

7. Books, records, receipts, pay stubs, employment records, bank statements and records, money drafts, letters of credit, money order and cashier's checks receipts, passbooks, bank checks and other items evidencing the obtaining, secreting, transfer and/or concealment of assets and the obtaining, secreting, transfer, concealment and/or expenditure of money;

8.  Papers, tickets, notes, schedules, receipts and other items relating to travel or transportation;

9.  Indicia of occupancy, residency, rental and/or ownership of the vehicles and/or premises described above, including, but not limited to, utility and telephone bills, cancelled envelopes, rental or lease agreements and keys;

10. Firearms and/or weapons; and

11. Security systems, cameras, cables, recording devices, monitors, and other video surveillance equipment.